**JUDGE KARAS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**08 CIV 4584**

-------------------------------------------------------------
ERMYNE V. FLEMING,

           Plaintiff,

   -against-                                          COMPLAINT AND
                                                                JURY TRIAL DEMAND
P.O. JOHN ESPOSITO, CAPTAIN "JOHN DOE"
and THE CITY OF PEEKSKILL,

           Defendants.
-------------------------------------------------------------X

      Plaintiff, ERMYNE V. FLEMING, by her attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

### JURISDICTION

    1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

    2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

    3.    Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

    4.    Plaintiff, invoking the pendent jurisdiction of this Court, also seeks compensatory and punitive damages for false arrest; battery; and negligent screening, hiring, training, supervising and retaining of a police officer.

### VENUE

    5.    Venue is properly alleged in the Southern District of New York in that the acts complained of herein occurred within this District.

### JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

### PARTIES

7. At all times relevant hereto, plaintiff, ERMYNE V. FLEMING, was and is a natural person, resident in the City of Peekskill, County of Westchester, State of New York.

8. At all times relevant hereto, defendant P.O. JOHN ESPOSITO, (hereinafter "ESPOSITO") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF PEEKSKILL.

9. At all times relevant hereto, defendant CAPTAIN "JOHN DOE," (hereinafter "DOE") was and is a natural person, employed as a captain by the Police Department of defendant CITY OF PEEKSKILL.

10. At all times relevant hereto, defendant CITY OF PEEKSKILL was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

11. Defendants ESPOSITO and DOE are sued in their individual capacities as well as in their capacities as employees of defendant CITY OF PEEKSKILL.

12. On or about August 15, 2007, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Corporation Counsel of the City of Peekskill a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

13. More than thirty (30) days have elapsed since the aforesaid verified

notice of claim was served and the City of Peekskill has neglected and refused to make payment of said claim.

14.  This action is commenced within one year and ninety days from the date the pendent claims herein accrued.

## AS AND FOR A FIRST CAUSE OF ACTION
### (42 U.S.C. §1983)

15.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "14" hereinabove as if more fully set forth at length herein.

16.  On or about May 24, 2007, at approximately 3:17 P.M., in the 1000 block of Park Street in the City of Peekskill, County of Westchester, State of New York, plaintiff, an African-American female, was in the process of parking her personal motor vehicle.

17.  As plaintiff was in the process of parking her vehicle, defendant ESPOSITO pulled up next to her in a City of Peekskill police department motor vehicle and yelled at her from his vehicle, "You fucking well know you made a U-turn. What are you, stupid?"

18.  Plaintiff responded to defendant ESPOSITO, "Why do you have to talk to me like that?"

19.  Defendant ESPOSITO replied, "Pull the fucking car over."

20.  Plaintiff finished parking her vehicle, turned off its ignition and exited it.

21.  Plaintiff immediately informed defendant ESPOSITO that she was employed as a Sergeant in the New York City Police Department.

22. Defendant ESPOSITO responded, "I don't give a fuck who you are. Get back in the fucking car."

23. Plaintiff complied with defendant ESPOSITO's order.

24. Defendant ESPOSITO now approached plaintiff's vehicle and stated, "Driver's license and registration."

25. Plaintiff responded, "Look, I have a gun in my bag. I am going to go into my bag to get my driver's license and registration."

26. While keeping her left hand in plain sight of defendant ESPOSITO, plaintiff used her right hand to open her bag and reached into it for her operator's license and vehicle registration, both of which she handed to defendant ESPOSITO.

27. Defendant ESPOSITO now stated to plaintiff, "Get out of the fucking car. You're under arrest for OGA [obstructing governmental administration, a Class A misdemeanor]."

28. Plaintiff exited her vehicle.

29. Defendant ESPOSITO turned plaintiff around so that she faced her vehicle and tightly rear handcuffed her.

30. Defendant ESPOSITO called a supervisor to the scene.

31. A sergeant arrived and, with the sergeant present, plaintiff was put into the rear seat of defendant ESPOSITO's vehicle.

32. Plaintiff was driven to Peekskill Police Headquarters, where she was detained for approximately three hours.

33. Defendant DOE was present at police headquarters.

34. Toward the end of her three-hour incarceration, defendant DOE approached plaintiff and informed her that she would not be charged with obstructing

governmental administration. However, he told her, "We have to cover our asses, so we will give you a summons to show why you were here and to protect the police department."

35. Plaintiff was issued a summons for making an illegal U-turn.

36. On or about July 16, 2007, defendant DOE visited plaintiff at her residence.

37. At the aforementioned time and place, defendant DOE offered to void the summons issued to plaintiff for making an illegal U-turn if she would execute a waiver of any claims that she might have arising out of her arrest and incarceration.

38. Plaintiff declined to execute the aforementioned waiver.

39. On one or more subsequent occasions, defendant DOE telephoned plaintiff and repeated his offer of a dismissal of the traffic ticket in exchange for her execution of a waiver.

40. Plaintiff declined to execute a waiver.

41. Plaintiff was ultimately convicted of making an illegal U-turn, which is a violation of the New York Vehicle and Traffic Law.

42. Plaintiff, as she was required, reported her arrest to her employer and was questioned under oath regarding the incident by a New York City Police Department investigator.

43. No disciplinary charges were brought against plaintiff by her employer as a result of the arrest that forms the basis of this lawsuit.

44. Defendants ESPOSITO and DOE violated plaintiff's right to the due process of law guaranteed to her by the fourth and fourteenth amendments to the Constitution of the United States in that, acting under color of state law, they, without

any cause or provocation whatsoever, falsely arrested plaintiff, falsely imprisoned her, and tightly and painfully handcuffed her.

45.   Because of the aforesaid acts committed by defendants ESPOSITO and DOE, plaintiff suffered a deprivation of the right to the due process of law guaranteed to her by the fourth and fourteenth amendments to the Constitution of the United States and, as a result, suffered a loss of her liberty, was publicly humiliated, and was investigated by her employer.

46.   By reason of the unconstitutional and illegal actions taken against her by defendants ESPOSITO and DOE, plaintiff has been damaged in the sum of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants ESPOSITO and DOE.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS ESPOSITO, DOE and THE CITY OF PEEKSKILL
(False Arrest)

47.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "46" hereinabove as if more fully set forth at length herein.

48.   On or about May 24, 2007, at approximately 3:17 P.M., in the 1000 block of Park Street in the City of Peekskill, County of Westchester, State of New York, defendant ESPOSITO, without probable cause therefor, forcibly, wrongfully and unlawfully arrested plaintiff, and, against plaintiff's own free will, caused her to be incarcerated for three hours.

49. Plaintiff was released from custody after three hours without any criminal charges whatsoever being brought against her.

50. Rather, plaintiff was charged only with having made an illegal U-turn.

51. Plaintiff was informed by defendant DOE that she was being issued a summons for making an illegal U-turn because it was necessary to justify her arrest and incarceration.

52. At the time they committed the aforesaid acts of false arrest and false imprisonment, defendants ESPOSITO and DOE were acting within the scope of their employment by defendant CITY OF PEEKSKILL.

53. By reason of the false arrest and false imprisonment committed against her by defendants ESPOSITO and DOE, while they were acting within the scope of their employment by defendant CITY OF PEEKSKILL, plaintiff suffered a loss of liberty, was publicly humiliated and was investigated by her employer.

54. As a result of the aforesaid acts of false arrest and false imprisonment committed against her by defendants ESPOSITO and DOE, who were acting within the scope of their employment by defendant CITY OF PEEKSKILL, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and seeks an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants ESPOSITO and DOE.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST DEFENDANTS ESPOSITO AND
### THE CITY OF PEEKSKILL
### (Battery)

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "54" hereinabove as if more fully set forth at length herein.

56. On or about May 24, 2007, at approximately 3:17 P.M., in the 1000 block of Park Street in the City of Peekskill, County of Westchester, State of New York, defendant ESPOSITO, without probable cause therefor, offensively touched plaintiff by tightly handcuffing her.

57. The aforesaid force used by defendant ESPOSITO was not reasonable under the circumstances.

58. At the aforesaid time and place, defendant ESPOSITO was acting within the scope of his employment by defendant CITY OF PEEKSKILL.

59. By reason of the aforesaid battery committed against her by defendant ESPOSITO, while he was acting within the scope of his employment by defendant CITY OF PEEKSKILL, plaintiff suffered public humiliation, physical injury and discomfort and was investigated by her employer.

60. As a result of the battery committed upon her by defendant ESPOSITO, while he was acting within the scope of his employment by defendant CITY OF PEESKILL, plaintiff has been damaged in the amount of One Million ($1,000,000.00)

Dollars and seeks an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant ESPOSITO.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF PEEKSKILL
(Negligence)

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "60" hereinabove as if more fully set forth at length herein.

62. On or about May 24, 2007, at approximately 3:17 P.M., in the 1000 block of Park Street in the City of Peekskill, County of Westchester, State of New York, defendant ESPOSITO, while acting within the scope of his employment by defendant CITY OF PEEKSKILL, falsely and maliciously accused plaintiff of having committed the crime of obstructing governmental administration, placed her under arrest, tightly handcuffed her and took her to City of Peekskill Police Headquarters, where she was held in custody for approximately three hours.

63. Plaintiff was ultimately charged only with having made an illegal U-turn.

64. Upon information and belief, making an illegal U-turn is not an offense for which a person is to be arrested, handcuffed, taken into and held in custody.

65. Defendant ESPOSITO's aforementioned false, improper and illegal arrest of plaintiff and the battery he committed upon her by tightly handcuffing her were a direct result of the negligence, carelessness, and recklessness of defendant CITY OF PEEKSKILL in its screening, hiring, training, supervising and retaining of him as a police officer.

66. As a result of the aforesaid negligent screening, hiring, training, supervising and retaining of defendant ESPOSITO by defendant CITY OF PEEKSKILL, plaintiff suffered a loss of her liberty, suffered physical injury and discomfort and was forced to undergo an investigation by her employer.

67. As a result of the aforementioned negligence, carelessness and recklessness of defendant CITY OF PEEKSKILL in its screening, hiring, training, supervising and retaining of defendant ESPOSITO, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff, ERMYNE V. FLEMING , demands judgment against defendants, P.O. JOHN ESPOSITO, CAPTAIN "JOHN DOE" and THE CITY OF PEEKSKILL, as follows:

FIRST CAUSE OF ACTION:   One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants ESPOSITO and DOE;

SECOND CAUSE OF ACTION:   One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants ESPOSITO and DOE;

THIRD CAUSE OF ACTION:   One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant ESPOSITO;

FOURTH CAUSE OF ACTION:   One Million ($1,000,000.00) Dollars.

In addition, plaintiff demands the costs and disbursements of this action, including her attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
       May 14, 2008

*/s/ Alan D. Levine*

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 1010
Kew Gardens, New York 11415
(718) 793-6363
File No: 2074