UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ERMYNE V. FLEMING,

                                  **08 CIV 4584**

                Plaintiff,

  -against-                            **VERIFIED ANSWER**
                                   **TO COMPLAINT**

P.O. JOHN ESPOSITO, CAPTAIN "JOHN DOE"
and THE CITY OF PEEKSKILL,

                Defendants.
------------------------------------------------------------------x

    Defendants, P.O. John Esposito, Captain "John Doe" and The City of Peekskill (hereinafter referred to as the "***Peekskill Police Defendants***"), by their attorney William J. Florence, Jr., as and for their **Verified Answer** to the **Complaint** hereby alleges as follows:

## JURISDICTION

1. Paragraphs **1, 2, 3 and 4** of the plaintiff's Complaint contain only conclusory legal statements and accordingly, require no response. To the extent that a response is may be required, the Peekskill Police Defendants deny the basis for this action and deny any wrongdoing.

## VENUE

2. Paragraph **5** of the plaintiff's Complaint contains only conclusory legal statements and accordingly, requires no response. To the extent that a response is may be required, the Peekskill Police Defendants deny the basis for this action and deny any wrongdoing, although acknowledge that the City of Peekskill and its Police Department exist in the Southern District.

1

## JURY DEMAND

3. The Peekskill Police Defendants acknowledge plaintiff's Jury Demand.

## PARTIES

4. Peekskill Police defendants admit to those allegations contained in Paragraphs **7, 8, 9, 10, 12** and **14** of Plaintiff's Complaint.

### AS AND FOR ANSWER TO FIRST CAUSE OF ACTION

5. The Peekskill Police Defendants repeat and reallege their answers set forth at paragraphs 1 through 14 as if set forth at length herein.

6. Deny allegations contained in Paragraphs **17, 18, 19, 21, 22, 23, 24, 25, 26, 27, 44, 45 and 46** of plaintiff's *Complaint*.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs **16**, **20, 29, 30, 31, 32, 33, 34, 36, 37, 38, 39, 40, 42, 43** of the plaintiff's *Complaint*.

8. Admit to the allegations contained in Paragraph **35** and **41** of the Plaintiff's Complaint.

### AS AND FOR ANSWER TO SECOND CAUSE OF ACTION

9. The Peekskill Police Defendants repeat and reallege their answers set forth a paragraphs 1 through 46 as if set forth at length herein in paragraph 47.

10. Deny the allegations contained in Paragraphs **48, 52, 53** and **54** of the plaintiff's *Complaint*.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs **49** and **51** of the Plaintiff's Complaint.

12. Admit to the allegations contained in Paragraph **50** of Plaintiff's Complaint.

**AS AND FOR ANSWER TO THIRD CAUSE OF ACTION**

13. The Peekskill Police Defendants repeat and reallege their answers set forth at paragraphs 1 through 54 as if set forth at length herein.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph **56** of the Plaintiff's Complaint.

15. Deny the allegations contained in Paragraphs **57, 59** and **60** of the plaintiff's *Complaint*.

16. Admit to the allegations contained in Paragraph **58** of the Plaintiff's *Complaint*.

**AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION**

17. The Peekskill Police Defendants repeat and reallege their answers set forth at paragraphs 1 through 60 as if set forth at length herein.

18. Deny those allegations contained in Paragraphs **62**, **65, 66** and **67** of plaintiff's *Complaint*.

19. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph **64** of plaintiff's *Complaint*.

20. Admit to the allegations contained in Paragraph 63 of Plaintiff's Complaint.

**FIRST AFFIRMATIVE DEFENSE**

21. The stop of plaintiff herein were reasonable and in good faith and based upon his observations of plaintiff making an illegal U-turn. Plaintiff's behavior following the stop resulted in a reasonable police response based upon plaintiff's actions and refusals to obey reasonable demands of the police.

22. The individual Police Officers are entitled to qualified immunity from claims by this plaintiff.

### SECOND AFFIRMATIVE DEFENSE

23. The Peekskill Police Defendants qualified to qualified immunity from suit for all actions alleged by plaintiff herein.

### THIRD AFFIRMATIVE DEFENSE

24. The Peekskill Police Department did not act with malice.

### FOURTH AFFIRMATIVE DEFENSE

25. That any claims, as set forth in the complaint of the plaintiff as "Second Claim for Relief False Arrest" and "Third Claim for Relief Malicious Prosecution" and "Fourth Claim for Relief as Malicious Abuse of Process" to the extent that they are common law negligence or intentional acts and torts against the defendants herein are barred by the statute of limitations for failing to comply with the statutory requirements as set forth in Sections 50 of the General Municipal Law of the State of New York.

### FIFTH AFFIRMATIVE DEFENSE

26. Insofar as there exists a surviving claim, if any, under New York State Common Law, defendants assert that plaintiff's culpable conduct caused, initiated, and/or otherwise was a factor in the claims made herein by plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

27. Plaintiff's claims are trivial, meritless and vexatious against these defendants thereby entitling defendants an award of attorney fees pursuant to USCA §1927 Federal Rules Procedure Rule 11.

**SEVENTH AFFIRMATIVE DEFENSE**

28. This Court lacks jurisdiction over the subject matter of the causes of action set forth in the complaint in that the federal claims do not rise to a constitutional level and this court cannot exercise jurisdiction over state laws.

**EIGHTH AFFIRMATIVE DEFENSE**

29. Plaintiff's causes of action are barred by the applicable Statutes of Limitation.

**NINTH AFFIRMATIVE DEFENSE**

30. The alleged conduct was properly within the discretionary authority committed to defendants to perform their official functions and the relief prayed for would constitute an improper intrusion into said discretionary authority.

**WHEREFORE**, defendants demand judgment dismissing the complaint of the plaintiff herein, together with an award of reasonable attorney fees, costs and disbursements of this action and for such other and further relief as to this Court shall seem just and proper.

Dated: Peekskill, New York
       July 8, 2008

                                        Yours, etc.

                                        _____
                                        **WILLIAM J. FLORENCE, JR. ESQ.(WJF-6639)**
                                        Attorney for Defendants
                                        One Park Place, Suite 300
                                        Peekskill, New York  10566
                                        (914) 737-7001

TO:   ALAN D. LEVINE,  ESQ.
      Attorney for Plaintiff
      80-02 Kew Gardens Road, Suite 1010
      Kew Gardens, New York 11415

5